May 30, 1910.

5065.

(Court of Appeal, Parish of Orleans.)

## JOSEPH V. ROCA vs. JOHN CARUSO.

A. J. Rossi for plaintiff and appellant.

Jos. Lautenschlaeger for defendant and appellee.

ST. PAUL, J.—This action is brought under the provisions of the statute which makes an owner liable to the furnisher for all materials used in the construction of a building and not paid for by the contractor, when the

owner has failed to exact of the contractor security for the payment of his bills. The statute applies only to contracts involving $1,000.00 or more.

## Act 134 of 1906.

In November, 1906, defendant engaged one John Funk, a contractor, to repair a building at a cost of $750.00. The repairs were completed prior to February 1, 1907, and the contractor was paid in full on that day.

On January 14, 1907, defendant engaged the same contractor to erect a building on an adjoining lot. The amount to be paid on this contract was $1,380.00, which the contractor received in due course.

No security was required of the contractor under either of these contracts.

It will be seen, however, that under the first contract, to which the statute has no application, defendant could be held liable only to the extent, and in the manner, pointed out by the Civil Code, a procedure which plaintiff did not see fit to adopt.

Under the second contract defendant's liability would arise by the mere fact that materials had been furnished and used in connection with the contract, and had not been paid for.

We are of opinion that the burden is on the furnisher of materials to show affirmatively and clearly that the materials for which he claims payment of the owner or surety for the contractor, were purchased and used in connection with the contract.

This plaintiff has failed to do, either to the satisfaction of the District Judge or of ourselves.

The evidence shows that defendant himself furnished all the materials needed for the contractor of the building, and of the materials delivered by plaintiff, part were rejected by defendant and not used in the building, part

were used by the contractor on a nearby building, not belonging to defendant, and part in the completion of the work covered by the first contract, leaving but a small part thereof actually used on the work covered by the second contract.

The evidence further shows that although the contractor had, to the knowledge of plaintiff, finished the first contract, nevertheless payments which the contractor received from time to time, and turned over in whole or in part to plaintiff, were by the latter imputed, not to the contract which was still active, but on the old account incurred on the completed contract.

Defendant, when he paid the contractor in full for the first contract, and no claim had been served upon him, had a right to assume that all claims in connection with that contract had been satisfied.

Plaintiff, by failing to take proper and timely steps, had lost all recourse against the building first finished, and was without right or claim whatsoever against the other building, for materials furnished in connection with the first.

He cannot now be permitted to do indirectly what, directly, he could not do, and in effect create such a right in himself by imputing payments growing out of the last contract on the older account so as to leave the new account open to be enforced under the last contract.

The statute under consideration has made furnishers of building materials a favored class among merchants, but they should not be permitted to abuse the legislative favor. A contractor has no right either in law or in morals to make a payment with money earned in one contract and have that payment imputed to some other account even though older, whilst the debt incurred by him in connection with such contract is still unpaid. Simple good faith would require that he have such payment imputed to the account which grows out of the contract un-

der which the money was earned. To follow any other course would be manifesly to prejudice the right of his surety, if there be one, or of the owner who has trusted him.

And it is equally unfair for a furnisher of material, knowingly to receive of a contractor money paid to the latter under one contract, and impute the same to some other account whilst the debt incurred in connection with the contract remains unpaid. By that simple system any furnisher of materials would have it in his power to prejudice of the rights of one surety or owner to the advantage of another, as his pleasure or interest might suggest. He might even recoup losses due to his own negligence or laches, by imputing such payments to some worthless account, and in due course falling on a new surety or owner for the whole amount of the new account.

We are of opinion that payments made with money earned on one contract should be imputed first to the debt incurred in connection with that contract. Equity requires it, and no law prevents.

The statute under consideration is a special one, and **sui generis**; the provisions of our Civil Code, regulating the imputation of payments have no application to the peculiar conditions brought about by this statute, and wholly unforeseen by the authoris of the Code. (**Civil Code, Art. 2.**) **Articles 21 and 1965** of that Code are much more applicable.

In the present case, had the payments made by the contractor been imputed on the account and debt which grew out of the contract under which they were earned, the present claim would have been fully extinguished.

The judgment of the District Court, which was for defendant, is correct and will be affirmed.

Judgment affirmed.

May 30, 1910.

Rehearing refused June 23, 1910.